UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK             06 cv 3491 (BSJ)
------------------------------------------------------------X
HARRY VILIEN

                        Plaintiff,                    **COMPLAINT**

       -against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, and PRINCIPAL
KIM N. LAWRENCE OF THE WATCH.
HIGH SCHOOL                                  **JURY TRIAL DEMANDED**

                    Defendants.
------------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully show to this Court and allege:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by equal protection clause of the Fourteenth Amendment to the Constitution of the United States pursuant to 42 U.S.C. §§ 1981 and 1983 as well as pursuant to Title VII 42 U.S.C. § 2000e-2, as well as pursuant to the laws of the City and the state of New York

3     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4     Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1).

5     That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. Section 1367.

6     Plaintiff filed his Notice of Claim on the Comptroller of the City of New York and on the

DEO on or about April 1, 2005, and that as of this date plaintiff's demand for payment has not yet been addressed by the defendants.

7        That no 50H Hearing was noticed nor conducted as to plaintiff.

8        That more than thirty days have elapsed since the service of the notice of claim and that adjustment or payment thereof has been neglected or refused.

9        That this cause of action is commenced within one year and ninety days of when this cause of action arose as to plaintiff.

10       That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(5).

11       That the plaintiff filed a charge with the EEOC Charge No.160-20005-02334, and that the plaintiff brings this claim within ninety days of the EEOC issuing to plaintiff a right to sue letter.

## **PARTIES**

12       That the plaintiff, HARRY VILIEN, is a resident of Nassau County in the State of New York and he is darkly complected and of Haitian decent.

13       Upon information and belief, that at all times hereinafter mentioned, the defendant, THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, (DOE) is duly formed and organized pursuant to the Consolidated laws of the State of New York, The Education Laws Article 52-a of Chapter Sixteen, and that at all times relevant defendant PRINCIPAL KIM N. LAWRENCE OF THE WATCH.

HIGH SCHOOL was acting for, upon, and in furtherance of the business of her employer and within the scope of her employment.

14      This action arises under the United States Constitution, and the laws of the United States, particularly under provisions of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1981 and 1983 as well as pursuant to Title VII 42 U.S.C. § 2000e-2 and pursuant to New York Executive Law § 296 et seq as well as pursuant to the common law of the State of New York.

15      That the defendant DEO is liable for defendant Lawrence's actions via the principle of respondeat superior.

16      Each and all of the acts of the defendant alleged herein were done by the defendant, acting as a state actor acting under the color of law.

## STATEMENT OF FACTS

17      The plaintiff is a math teacher who has been working for the DOE since 1999.

18      In September of 2004 plaintiff was hired to teach math at The WATCH. High School a DOE school located in Brooklyn New York.

19      Shortly after plaintiff was hired, the principal was replaced by defendant KIM N. LAWRENCE late in the fall of 2004.

20      In early November of 2004 defendant Lawrence made an off color derogatory, sarcastic remark about Haitians being good swimmers at a conference in Westchester.

21      Shortly thereafter, on December 8, 2004, plaintiff was given an observation in the course of his teaching a class by the defendant Lawrence and given a negative evaluation-the first of his career after seventeen consecutive positive evaluations.

22      Without giving plaintiff a post observation interview, plaintiff was again observed and evaluated on December 20, 2004, in violation of the chancellor's policy, in that plaintiff was not given a proper post-evaluation conference after the first visit, and he again was given a negative evaluation by defendant Lawrence.

23      Vilien and another (non-Haitian) teacher, Mr. Kitchin, received different ratings for their lesson plans despite employing identical lesson plans, in that plaintiff's lesson plan was found to be unacceptable and the same plan when employed by Mr. Kitchin was deemed acceptable.

24      Shortly thereafter, defendant Lawrence stated in front of witnesses, that plaintiff as a Haitian teacher in a school where about twenty percent of the students are Haitian, had too much power.

25      Plaintiff was then terminated by defendant Lawrence allegedly due to his U rating.

26      Plaintiff's seventeen positive evaluations then disappeared from plaintiff's personal file.

27      Plaintiff interviewed for another job and in February of 2005 he was hired by another DOE school.

28      However, when the plaintiff's new principal called defendant Lawrence she disingenuously indicated that plaintiff was terminated for cause not for a "U" rating in his evaluations.

29      Plaintiff again interviewed for a job and was again retained by yet another school but when the plaintiff's new principal called defendant Lawrence, on or about February 17, 2005, Lawrence again disingenuously indicated that plaintiff was terminated for cause not for a "U" rating in his evaluations.

30      Plaintiff's file at that time inaccurately reflected that he had been terminated for cause, or DBC in the code the chancellor uses, but the specific cause was never indicated in plaintiff's file.

31    Finally after several calls and a hearing, plaintiff's DBC was removed from his file and plaintiff was hired by another school in Brooklyn.

32    To this day, defendant Lawrence refuses to divulge what was written in plaintiff's file that caused the DBC indication, however, for plaintiff to have received such a DBC rating the allegations against him had to be serious and possibly criminal.

33    Plaintiff lost his benefits from January 18, to September 5 of 2005 and worked for lower pay through that period of time.

34    Plaintiffs termination, the false secret allegations against him and his being defamed to his first two prospective employers were caused by the defendant Lawrence due to her prejudice against Haitians and her expressed fear that the plaintiff would have too much power as the only Haitian teacher in a school with a large Haitian student body.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### TITLE VII 42 U.S.C. § 2000E-2 42 and U.S.C. § 1981

35    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

36    That the plaintiff's rights have been violated pursuant to Title VII 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981 in that the plaintiff was denied the right to make and enforce contracts, due to the racial animus of the defendants.

37    That the plaintiff is a member of a racial minority; the defendants had an intent to discriminate on the basis of race; and the discrimination concerned activities enumerated in Title VII 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981.

38     That the making, performance, modification, and termination of plaintiff's contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship plaintiff had with the defendants, was made hostile and was ultimately terminated by the defendants due to their racial animosity towards the plaintiff.

39     That the defendants continued to discriminate against the plaintiff in the face of a perceived risk that their actions violated federal law.

40     That no legitimate non racist motivation or justification existed for the plaintiff's disparate treatment at the hands of the defendants.

41     That the defendants engaged in discriminatory practices with malice and with reckless indifference to the federal protected rights of the aggrieved plaintiff.

42     That by reason of the violation of the plaintiff's rights he was subjected to humiliation, embarrassment, anxiety, pecuniary harms, defamation in the community and in his chosen profession and that he was subjected to various other emotional harms.

43     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and that he is entitled to an award of punitive damages on his 42 USC § 1981 claim.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO NEW YORK STATE EXECUTIVE LAW § 296 VIA RACIAL DISCRIMINATION

44     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45     That the plaintiff's rights have been violated under New York State Executive Law § 296 in that plaintiff has been subjected to illegal discrimination in the terms, conditions and privileges of

his employment based on the impermissible consideration of his race.

46     That the defendants, because of the race and color of the plaintiff, discriminated against the plaintiff in terminating him from his employment, in creating a hostile work environment for the plaintiff and in defaming plaintiff unjustly due to his race.

47     That the sole basis of termination of the plaintiff was the impermissible considerations of his Haitian background.

48     That by reason of the violation of the plaintiff's rights he was subjected to humiliation, embarrassment, anxiety, pecuniary harms, defamation in the community and in his chosen profession and that he was subjected to various other emotional harms.

49     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO THE NEW YORK CITY ADMINISTRATIVE CODE § 8-107 VIA DISCRIMINATION BASED ON PLAINTIFF BEING OF HAITIAN DECENT

50     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

51     That the plaintiff's rights have been violated under New York City Administrative Code § 8-107 in that plaintiff has been subjected to illegal discrimination in the terms and conditions of his employment including his termination based on the impermissible considerations of his being of Haitian decent.

52     That the plaintiff was afforded disparate and worse treatment than similarly situated employees who worked for the defendants and that the plaintiff was subjected to a hostile work

environment and ultimately terminated based on the impermissible consideration of his race.

53     That the sole basis of the disparate treatment plaintiff was afforded and the reason for his illegal termination was the impermissible consideration of plaintiff being of Haitian decent.

54     That by reason of the violation of the plaintiff's rights he was subjected to humiliation, embarrassment, anxiety, pecuniary harms, he was defamed in the community and and in his chosen profession and that he was subjected to various other harms.

55     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000) DOLLARS and that he is entitled to an award of punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF
OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S
RIGHTS PURSUANT TO EQUAL PROTECTION
CLAUSE OF THE FOURTEENTH AMENDMENT
BASED ON THE IMPERMISSIBLE CONSIDERATION
OF PLAINTIFF BEING OF HAITIAN DECENT**

56     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

57     That the plaintiff's rights have been violated under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that plaintiff was afforded disparate and worse treatment by the defendants, and ultimately terminated, due to the impermissible consideration of plaintiff being of Haitian.

58     That the sole basis of the disparate treatment plaintiff was afforded and the reason for his illegal termination was the impermissible consideration of plaintiff being of Haitian decent.

59     That by reason of the violation of the plaintiff's rights he was subjected to humiliation,

embarrassment, anxiety, pecuniary harms, he was defamed in the community and and in his chosen profession and that he was subjected to various other harms.

60    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000) DOLLARS and that he is entitled to an award of punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO NEW YORK STATE LAW <u>VIA DEFAMATION</u>

61    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein

62    That the plaintiff was defamed by defendant Lawrence who falsely represented to two perspective employers that plaintiff was terminated for cause and given a DBC.

63    That the defendant insinuated if not directly stated that plaintiff had committed some form of deplorable act rendering him unfit to teach and be around children.

64    That the defendant Lawrence made said allegations knowing them to be defamatory and wholly untrue.

65    That by reason of the defamation of the plaintiff he was subjected to humiliation, embarrassment, anxiety, pecuniary harms, he was defamed in the community and and in his chosen profession and that he was subjected to various other harms.

66    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000) DOLLARS and that he is entitled to an award of punitive damages.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS plus an award of punitive damages on the First Cause of Action, in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, on the Second Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS plus an award of punitive damages on the Third Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, plus an award of punitive damages on the Fourth Cause of Action, and in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, plus an award of punitive damages on the on the Fifth Cause of Action, along with reasonable attorney's on all causes of actions together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: May 4, 2006
      New York, New York

                               FRED LICHTMACHER (FL-5341)
                               Attorney for Plaintiff
                               60 East 42nd Street Suite 2001
                               New York, New York 10165
                               (212) 922-9066

To:    Michael Cardozo
         Corporation Counsel City of New York
         100 Church Street
         New York, New York 10007