UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HARRY VILIEN,

                                                  Plaintiff,

- against -

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK and PRINCIPAL KIM N. LAWRENCE
OF THE WATCH. HIGH SCHOOL

                                                  Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
STATEMENT PURSUANT TO
LOCAL CIVIL RULE 56.1**

06 Civ. 3491 (BSJ)(MHD)

       Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully submit, pursuant to Local Rule 56.1 of the Civil Rules of the Southern District of New York, that the following facts are not subject to genuine dispute:[1]

       1.     Plaintiff Harry Vilien, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, et seq. ("Title VII"), the New York State Executive Law § 296, the New York City Administrative Code § 8-107, and 42 U.S.C. §§ 1981 and 1983, alleging that the defendants, New York City Board of Education ("BOE") (also known as and being sued herein as the "New York City Department of Education"), and Kim Lawrence discriminated against him on the basis of race and national origin (Haitian), by giving him unsatisfactory performance ratings, terminating him and creating a hostile work environment. Plaintiff also brings a common law defamation claim, alleging that defendant Lawrence falsely represented to two prospective employers that plaintiff was terminated for cause, insinuating, if

---

[1] Unless otherwise indicated, all references to "Exhibits" are to the exhibits annexed to the Declaration of Joanna R. Helferich, dated June 1, 2007.

- 2 -

not directly stating, that plaintiff had committed some form of serious misconduct. <u>See</u> Complaint, Exhibit A.

   2. Plaintiff began his employment with defendant Board of Education ("BOE") in 1995 as a paraprofessional. <u>See</u> Plaintiff's Service History, Exhibit B.

   3. Plaintiff became a regular substitute math teacher in 1997. <u>See</u> <u>id.</u>

   4. Plaintiff voluntarily left his employment with BOE in 2000 and returned as a regular substitute math teacher at Erasmus High School for the 2003-04 school year. <u>See</u> <u>id.</u>

   5. Plaintiff was employed as a regular substitute math teacher at the World Academy for Total Community Health High School ("WATCH") in September 2004. <u>See</u> <u>id.</u>

   6. Defendant Kim Lawrence became the principal of the WATCH on or about November 8, 2004. <u>See</u> Lawrence Dep., Exhibit C, at 8:19-21.

   7. Principal Lawrence formally observed plaintiff's lesson on December 8, 2004. <u>See</u> Observation Report, Exhibit D.

   8. In her observation report, Principal Lawrence stated that plaintiff 1) did not implement the workshop model and told students to do the work individually, despite their discussion at the pre-observation conference that students be grouped to create a word problem; 2) did not clearly explain the process for solving the equation; 3) wrote parts of the problems and answers on different parts of the board; 4) did not appropriately assess the students' understanding; 5) lectured to teach concepts rather than using questions to elicit responses from the students; 6) did not properly manage class time - allowing the "problem of the day" to last 25 minutes and failing to have adequate time for other planned activities; 7) did not enforce class rules regarding participation, allowing students to call out answers rather than raising their hands; and 8) the classroom was disorganized and disheveled. <u>See</u> <u>id.</u>

9.      Principal Lawrence rated the lesson unsatisfactory.  See id.

10.     On Friday, December 17, 2004, Principal Lawrence visited plaintiff's classroom to conduct an informal, or "snap-shot" observation and decided write a formal report of the lesson she observed. . See Lawrence Dep., Exhibit C, at 118:11-19; 120:17-22.

11.     In this observation report, Lawrence stated that plaintiff 1) did not use a lesson plan; 2) did not adhere to the workshop model, but instead, students worked independently for over forty minutes; 3) did not spend class time efficiently; and 4) did not review or assess students' understanding.  In addition, Lawrence stated that many students were off task during the independent work time and that six out of the twenty students either did not complete the assignment or did it incorrectly.  See Observation Report, Exhibit E.

12.     Plaintiff admitted at his deposition that many students were off task during this lesson, but believed that for six out of twenty students to be off task was "not bad," or "better than average."  See Plaintiff's Dep., Exhibit F, at 85:12-25.

13.     Lawrence rated plaintiff's December 17th lesson unsatisfactory.  See Observation Report, Exhibit E.

14.     On January 18, 2005, Lawrence gave plaintiff an unsatisfactory rating for the period September 7, 2004 through January 31, 2005 and terminated him effective January 31, 2005.  See U-Rating, Exhibit G, and Termination Letter, Exhibit H.

15.     Regular Substitute teachers are entitled only to notice of 10 school days prior to termination.  See Collective Bargaining Agreement, Exhibit I, at Article 17(A)(8).

16.     Plaintiff grieved the two observation reports, claiming that they were "inaccurate and unfair" and requested that they be removed from his file.  See Step II Grievance

Form, Exhibit J. His grievance was denied after a Step III conference. See Grievance Decision, dated February 16, 2006 Exhibit K.

17. Plaintiff also appealed his unsatisfactory performance rating to the Office of Appeals and Reviews. His appeal was denied after a hearing before the Chancellor's Committee. See Chancellor's Committee Report, dated February 7, 2006, Exhibit L.

18. Plaintiff filed a Notice of Claim on or about April 5, 2005. See Exhibit M.

19. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about May, 8 2005. See Exhibit N.

20. The United States Department of Justice issued a Right to Sue letter on or about April 6, 2006. See Exhibit O.

21. Plaintiff commenced the instant action on or about May 8, 2006. See Complaint, Exhibit A.

22. In September 2005, plaintiff was appointed to a tenure track position as a math teacher at Ditmas Junior High School, where he continues to teach presently. See Plaintiff's Service History, Exhibit B.

Dated:      New York, New York
            June 1, 2007

>                   MICHAEL A. CARDOZO
>                   Corporation Counsel of the
>                    City of New York
>                   Attorney for Defendants
>                   100 Church Street, Room 2-122
>                   New York, New York 10007
>                   (212) 788-0879
>
> By:    _____
>                   Joanna R. Helferich (JH 2828)
>                   Assistant Corporation Counsel